UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PHYLLIS NOLA, ET AL.                                CIVIL ACTION

VERSUS                                              NUMBER 10-327-RET-DLD

TWIN CITY FIRE INSURANCE
COMPANY

## MAGISTRATE JUDGE'S REPORT

This wrongful death and survival action is before the court on plaintiffs' motion to remand (rec. doc. 5), which is not opposed, and has been referred to the undersigned for a report and recommendation. The issue before the court is whether this matter should be remanded due to numerous procedural defects in defendant's notice of removal.

### Factual Background

Plaintiffs are the surviving children of Vincent Nola, Sr., who was killed on or about December 27, 2007, when he was struck while riding his bicycle by a 2002 Chevrolet Trailblazer pulling a trailer operated by Aubrey L. Kelly, Jr. (rec. doc. 1-3). As a result of the accident and death of their father, on August 20, 2008, plaintiffs brought a wrongful death and survival action for damages against Aubrey L. Kelly, Jr. and his liability insurer GEICO Insurance Company in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. On December 15, 2008, plaintiffs filed a first supplemental and amending petition adding Allstate Insurance Company (Aubrey Kelly's additional liability insurer) as a defendant. On February 24, 2010, plaintiffs filed a second supplemental and amending petition adding Twin City Fire Insurance Company (Vincent Nola, Sr.'s underinsured motorist insurance) as a defendant.

On May 12, 2010, Twin City Fire Insurance Company (Twin City) filed a notice of removal alleging that this court has diversity jurisdiction over this matter, 28 U.S.C. §1332 (rec. doc. 1).  Defendant Twin City filed an amended notice of removal on May 13, 2010 (rec. doc. 4).  Shortly thereafter, plaintiffs filed a motion to remand arguing that defendant's notice of removal is invalid as a result of several procedural defects (rec. doc. 5). Specifically, plaintiffs argue that the removal is defective because it was not filed within thirty (30) days of service upon the first served defendant and not filed within a year of commencement of this action; defendant failed to obtain the consent of all served co-defendants prior to filing the notice of removal; and defendant failed to properly allege the citizenship of the parties to establish diversity of citizenship. Id.  Defendant did not oppose the motion to remand.

### Discussion

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).  The failure to comply with the procedural requirements of Sections 1441 and 1446 may result in remand if the procedural defects are timely raised by the party opposing removal. *Fontenot v. Johnson & Johnson*, 2010 WL 2541187 (W.D. La. 2010), citing *Albarado v. Southern Pacific Transp. Co.*, 199 F.3d 762, 765-66 (5th Cir. 1999); *In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991); 28 U.S.C. §1447 (c).  Thus, the court will consider whether each of the alleged procedural defects warrant remand to state court.

*Subject-Matter Jurisdiction*

The party seeking removal has the burden of proving either diversity or federal question jurisdiction. *Garcia v. Koch Oil Co. of Texas, Inc.,* 357 F.3d 636 (5th Cir. 2003), citing *Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998), and *Gutierrez v. Flores,* 543 F.3d 248 (5th Cir. 2008).  The party seeking to establish diversity jurisdiction must prove the existence of diversity of citizenship and amount in controversy. Remand is proper if at any time the court lacks subject matter jurisdiction. See 28 U.S.C. §1447(c).  Neither of the notices of removal properly set forth the citizenship of the parties in this action (rec. docs. 1 and 4).  Defendant has, therefore, failed to establish that diversity of citizenship exists between the parties, and the court cannot exercise subject-matter jurisdiction over this matter.  Consequently, this matter should be remanded for lack of subject-matter jurisdiction.

*Timeliness*

A party may remove a case based on diversity jurisdiction within 30 days of receipt of the initial pleading or, if the initial pleading is not removable, within 30 days of receipt of an amended pleading, motion, order, or other paper from which it is ascertained that the case has become removable. See 28 U.S.C. §1446(b). When multiple defendants are named, the 30-day time period for removal runs from the time the first defendant is served.  The decision by the first-served defendant not to remove the case within 30 days binds the later served defendants.  *New York Life Ins. Co. V. Deshotel*, 142 F.3d 873, fn 4. (5th Cir. 1998), citing *Brown v. Demco, Inc.,* 792 F.2d 478, 481 (5th Cir. 1986).

Plaintiffs suggest that this matter was initially removable based on diversity jurisdiction; therefore, when Twin City was added as a party, it was too late to remove this

action. The citizenship of the parties are not properly set forth in the petitions, the notices of removal, or in the memorandum in support of motion to remand, so the court cannot determine whether this matter was initially removable or whether a post-filing event made this matter removable. Regardless of whether this matter was initially removable, Twin City's notice of removal is untimely. If the action was initially removable, as suggested by plaintiffs, the notice of removal must be filed within 30 days of receipt by the first served defendant, which was not done. If it was not initially removable, the notice of removal must be filed within 30 days of the date on which it became removable. Twin City was served on March 24, 2010, and did not file its notice of removal until May 12, 2010, more than 30 days after service of suit on Twin City. Thus, Twin City's notice of removal was not filed timely.[1]

*Consent to Removal*

In cases involving multiple defendants, the rule of unanimity requires that all named and served defendants consent to removal within thirty days of the date of service on the first named defendant and failure to do so renders the removal defective. *Falcon v. Ochoa,* 2009 WL 4906547 (M.D. La. 2009), citing G*etty Oil Corp. v. Insurance Co. of North America,* 841 F.2d 1254, 1262 (5th Cir.1988), citing 28 U.S.C. 1446(b) (Section 1446 has been interpreted to require all "then-served properly joined defendant to join in the removal petition"); see also *Johnson v. Helmerich & Payne, Inc.* 892 F.2d 422, 423 (5th Cir. 1990).

---

[1] Additionally, plaintiffs argue that defendant's notice of removal is barred by the one-year rule. The rule prohibiting removal based on diversity jurisdiction more than one-year after commencement of the action (the one-year rule) only applies to cases that were not initially removable. *New York Life Ins. Co. V. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998). Although plaintiffs fail to properly allege the citizenship of the parties in their memorandum, plaintiffs suggest that this matter "was initially removable" (rec. doc. 5-1). Thus, the one-year rule is not applicable.

Plaintiffs suggest that Aubrey Kelly was served on August 29, 2008, GEICO was served on August 28, 2008, and Twin City was served on March 24, 2010 (rec. doc. 5-1). Defendant's notices of removal do not indicate that all served defendants (Kelly, GEICO, Twin City)[2] consented to removal.  Because defendant failed to obtain the consent of the served co-defendants, the notice of removal is defective.

### Conclusion

In light of the numerous procedural defects in defendant's notices of removal and the court's lack of subject-matter jurisdiction over this matter, it is recommended that plaintiffs' motion to remand be granted.

Accordingly,

**IT IS RECOMMENDED** that plaintiffs' motion to remand (rec. doc. 5) should be **GRANTED**, and this matter **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on July 16, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[2] There is no information in the record indicating that Allstate was served or the date of service.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHYLLIS NOLA, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-327-RET-DLD** |
| **TWIN CITY FIRE INSURANCE COMPANY** | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 16, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**